In the Matter of DEAN HIGGINS, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, February 21, 1967.

*John B. Walsh* for petitioner.

*Charles P. McCabe* for respondent.

*Dean Higgins,* respondent in person.

*Per Curiam.* Petitioner, the Bar Association of Erie County, has filed complaints against the respondent alleging various violations of the Canons of Professional Ethics, of rules III-A, and III-B of the Rules Relating to Attorneys of this court in relation to retainer and closing statements, and certain general irregularities and improprieties in the conduct of his practice as an attorney at law. The petition contains five charges of specific instances, in addition to the general allegations of improprieties. The Referee has found that respondent, in each of the specific instances:

1. Misappropriated client's funds by diverting the same to his own use and benefit, without knowledge or consent of the client.

2. Failed to account properly to his client for the funds collected on behalf of said client.

3. Failed to remit promptly the funds rightfully belonging to his client; and

4. Failed to make prompt restitution of funds wrongfully appropriated by him.

In relation to two of the five specific charges:

5. Signed his clients' names as indorser on checks belonging to his clients, and failed to indicate on the checks that he was indorsing the same pursuant to a power of attorney.

In the specific cases involving contingent fee agreements:

6. Failed to file retainer statements and to file, and to serve upon his clients, closing statements.

In three instances:

7. Made willful misrepresentations to his client.

In one instance:

8. Wrongfully and unlawfully signed his client's name as an indorsement on a settlement draft, and misappropriated his client's funds received from the draft, and diverted them to his own personal use.

In addition to the direct proof to sustain the report of the Referee, the respondent admitted that in certain instances he had commingled his clients' funds with his own, and that he had failed to keep clear and adequate records. He did not specifically admit misappropriations and diversions of clients' trust funds, apparently on the theory that such admissions would imply an intent on his part to commit these acts, and he denied that there was such intent, although there is nothing whatsoever in the record to indicate that all of the acts of misappropriation and diversion were not performed with a deliberate intent on the part of the respondent to divert his clients' funds to his own personal use.

As to the contention of respondent that he did not intend to do anything wrong, there is no real explanation in the record of anything indicating lack of deliberate intent. The record clearly shows that the violations were repeated, persistent, and intentional. There was little, if anything, respondent produced in the way of defense.

In one instance a partial payment of $6,500 was made to a client in April, 1966 (and the source of this payment is highly questionable), leaving a balance of approximately $4,000 as the result of a misappropriation in January, 1965, when respondent indorsed a check for the proceeds of a sale of real estate, without the authorization or consent of his client. The balance had not been paid on October 5, 1966 when the hearings were concluded.

As to the finding in relation to retainer and closing statements, the Referee found that in some instances this failure was not willful but was due to respondent's misunderstanding of

the requirements of such rules. We cannot believe that a lawyer who had 23 years' experience at the Bar would have been confused by the rules of this Department as to retainer and closing statements if he had made any real effort to understand them, and, of course, as a practicing attorney he should have tried to understand and follow all of the rules applicable to his practice and procedures. In any event there was no justification for any misunderstanding. It appears, in fact, that the failure to file closing statements and to deliver copies thereof to his clients was deliberate, because the filing thereof would have plainly shown misconduct on his part.

The respondent's so-called records — if in fact they can be called records in the generally accepted sense — were woefully inadequate. They were so clearly insufficient that the amounts of some of the misappropriations cannot yet be determined, but it is safe to say that they will well exceed a total of $13,000. The lack of records continued even after he had agreed with the petitioner that he would set up trust accounts for his clients. This he failed to do, and in the rare instances when he had done so (under the construction most liberal to the respondent), the accounts were frequently overdrawn.

In some instances respondent inserted in retainer agreements a clause intended to give him authority to indorse all payment checks. This was availed of to the utmost by the respondent. In fact it seems to have been routine practice for him to receive checks, indorse them, misappropriate the funds, and fail to account therefor to his clients or to pay the amounts due them until the clients had gone to the petitioning Bar Association and then, after making some payments, to fail to give his clients anything in the nature of complete accounts showing the disposition of the moneys received.

The record amply sustains all of the findings of the Referee, except the finding that the failure to file retainer and closing statements was not willful. We find that these failures were willful. There were many violations proved that the Referee did not specifically pass upon, but comment on this is not required to support the determination that we are making. The specific findings, as noted, require the action that we are taking.

We find that the respondent violated canons 11, 29, 32, 37, and 47 of the Canons of Professional Ethics, and rules III-A and III-B of the Rules Relating to Attorneys of this Department.

The report of the Referee should be confirmed except as specifically stated herein.

Respondent should be disbarred.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Report of Referee confirmed except as stated in the *Per Curiam* opinion, and order of disbarment entered.